IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

|  |  |
|---|---|
| KEVIN GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| AUTOMOTIVE SERVICES, LLC, and | ) |
| EARL STRICKLAND | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT

COMES NOW the Plaintiff, KEVIN GRAY ("PLAINTIFF"), and files this Complaint against DEFENDANTS, EARL STRICKLAND and AUTOMOTIVE SERVICES, LLC (collectively "DEFENDANTS"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANTS for violations of the Fair Labor Standards Act ("FLSA") and for breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT EARL STRICKLAND was an individual who made payroll decisions regarding employees such as PLAINTIFF on behalf of his company AUTOMOTIVE SERVICES, LLC.

4. At all material times, AUTOMOTIVE SERVICES, LLC sold used automobiles and recreational vehicles with a principal place of business in Lake City, Florida.

## BACKGROUND

5. PLAINTIFF brings this action to require DEFENDANTS to pay back wages owed to PLAINTIFF, which DEFENDANTS failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

6. At all relevant times, DEFENDANTS acted through their officers, agents, servants and employees.

7. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

8. In or around August 2019, DEFENDANTS hired PLAINTIFF to work as a detailer who would clean cars and recreational vehicles, wait on customers and perform maintenance.  On one occasion, PLAINTIFF received a payment of $600 from DEFENDANT EARL STRICKLAND, but PLAINTIFF received no other compensation until his separation on or about December 2, 2019, despite PLAINTIFF working 70 or more hours per week for DEFENDANTS.

9. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

10. Throughout his employment, PLAINTIFF worked 70 hours per week, but was not paid for his work other than as described above.

11. Upon information and belief, DEFENDANTS have, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF at least minimum wage for all of his hours of work and at a rate of one and one-half times his usual hourly rate when he worked more than 40 hours per week.

12. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANTS, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT –Both Defendants

13. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

14. DEFENDANT AUTOMOTIVE SERVICES, LLC regularly engages in commerce and its employees, including PLAINTIFF, handled and used goods and materials which have moved in interstate commerce.

15. At all relevant times, DEFENDANTS were employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and are subject to the provisions of the Act.

16. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT AUTOMOTIVE SERVICES, LLC, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which he did not receive appropriate compensation.

17. During his employment with DEFENDANTS, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANTS violated the minimum wage provision of the Act by not paying PLAINTIFF minimum wage for each hour he worked and the overtime provisions of the Act by not paying PLAINTIFF time and one-half when for all his hours when he worked more than 40 hours in a week.

18. Upon information and belief, DEFENDANTS' pay system was unilaterally imposed upon PLAINTIFF by DEFENDANTS.

19. DEFENDANTS' failure to compensate PLAINTIFF for his overtime violates the overtime provisions of the FLSA and the regulations thereunder.

20. DEFENDANTS' failure to compensate PLAINTIFF for his overtime was a willful and knowing violation of the Act.

21. As a result of DEFENDANTS' willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

22. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANTS owe PLAINTIFF minimum wage for each hour he worked plus compensation at a rate of one and one-half times minimum wage for the overtime hours he worked, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

23. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees and costs, and other relief by reason of DEFENDANTS' violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT- AUTOMOTIVE SERVICES, LLC

24. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

25. PLAINTIFF and DEFENDANT AUTOMOTIVE SERVICES, LLC entered into an agreement pursuant to which PLAINTIFF was to be paid 20 percent of each sale for vehicles sold by DEFENDANT AUTOMOTIVE SERVICES, LLC if PLAINTIFF worked on the vehicle.

26. PLAINTIFF performed as he was supposed to perform pursuant to the parties' agreement, but DEFENDANT AUTOMOTIVE SERVICES, LLC breached the agreement by failing to pay PLAINTIFF other than a one-time payment of $600 to help PLAINTIFF move.

27. As a result, PLAINTIFF has been forced to retain counsel to obtain his unpaid wages and PLAINTIFF is seeking reimbursement for his legal fees.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT AUTOMOTIVE SERVICES, LLC and respectfully prays the Court that PLAINTIFF will recover lost wages, pre- and post-judgment interest, other compensatory damages, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANT AUTOMOTIVE SERVICES, LLC'S breach of contract; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated:  December 31, 2019

                                    Respectfully submitted,

                                    **THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF